**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO NAVARRO RAMIREZ,<br><br>                Plaintiff,<br><br>     vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>                Defendant. | CASE NO. SA CV 06-01063 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

Because the third of Plaintiff's three arguments challenging the underlying step-five denial of disability benefits is persuasive, the Court will remand, although it rejects his first two arguments.

**I.**

**ADEQUACY OF BACK-TREATMENT DISCUSSION**

Plaintiff labels his first argument as a challenge to the Administrative Law Judge's "*assessment of* the plaintiff's severe lumbar spine impairment," *see* Pl.'s Br. at 2 (emphasis added), but Plaintiff's primary explanation indicates that he is concerned about the level of detail in the Administrative Law Judge's opinion. For example, Plaintiff explains that the opinion "fails to address the fact that the plaintiff underwent three major procedures involving the lumbar spine," *id*.; later, he asserts that the opinion "is incomplete

since it does not fully discuss the extensive medical evidence documenting a severe lumbar impairment or any possible recovery periods following any of the lumbar spine surgeries." *Id*. at 3. The Administrative Law Judge is not required to address every item of evidence in the Administrative Record ("AR"), and ordinarily a summary of the pertinent evidence, albeit a reasonably detailed and thorough one, will suffice. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is true that the Administrative Law Judge, who devoted several paragraphs to Plaintiff's back impairment and the treatment thereof, *see* AR 20-21, did not specifically mention the third of Plaintiff's three surgeries, a September 27, 2003 "post revision laminectomy at L5 with removal of the pedicle screw on the left side[.]" *See* Pl.'s Br. at 3, *citing* AR 625. But (a) Plaintiff presents no evidence that he was incapacitated by the third (or any other) back surgery for an extensive period (and, on the contrary, the medical record Plaintiff cites states that the third surgery's results were "excellent," with Plaintiff "doing quite well" shortly thereafter, AR 625); and (b) the opinion does discuss two prior back operations and Plaintiff's continuing complaints of pain. AR 21.

Plaintiff also faults the Administrative Law Judge's comment that Plaintiff "is not seeking significant ongoing treatment for pain . . . and does not anticipate surgery." Pl.'s Br. at 3, *citing* AR 22. Immediately thereafter in his brief, Plaintiff cites a comment in an April 16, 2004 report by consultative orthopedist Mark J. Spoonamore, M.D., at AR 602. "While Dr. Spoonamore did not recommend any additional fusion or decompression surgeries, he did indicate that consideration should be given to surgery for hardware removal." But *Dr. Spoonamore's* suggestion of possible surgery does not gainsay the Administrative Law Judge's statement that *Plaintiff himself* "is not seeking significant ongoing treatment for pain . . . and does not anticipate surgery."

In sum, Plaintiff fails to show either that substantial evidence does not support the Administrative Law Judge's residual functional capacity or that the finding resulted from prejudicial legal error as asserted by Plaintiff.

## II.

## NON-"SEVERE" MENTAL IMPAIRMENT

Plaintiff next argues that the Administrative Law Judge erred in finding that Plaintiff's affective disorder was not a "severe" mental impairment. Pl.'s Br. at 3. The regulations do not define a "severe" impairment. Instead, they state what a *non*-severe impairment is: one that does not significantly limit physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521. The basic work activities are "the abilities and aptitudes necessary to do most jobs," including various physical and mental activities. *Id.* The requirement of having a severe impairment performs a gatekeeping function, screening out frivolous complaints. *Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). In its internal procedures, the Social Security Administration assesses an impairment as "non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions. SSR 85-28. This minimalist treatment has received the Courts' imprimatur. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Thus, the requirement that a claimant have a severe impairment has been transmogrified into a requirement that the claimant have an impairment that is not very severe at all – it simply must have more than a minimal effect on his or her ability to do basic work functions.

Here, the Administrative Law Judge essentially found that Plaintiff suffered one acute depressive episode but had no ongoing "severe" mental ailment. The opinion explained:

> The claimant alleged depression due to his medical condition. In August 2003 he underwent psychiatric evaluation by Dr. Marilynn Sloan ([citation to AR 557-64]). She diagnosed a single episode of major depression but no persistent symptoms. The mental status examination was within normal limits. The claimant was cooperative and his eye contact was good. He had

>an easy rapport. There was no report of suicidal ideation. Dr.
>Sloan did not restrict the claimant's residual functional capacity
>but advised antidepressant medication for his depress[ed] mood.
>Records from Nelson Flores, Ph.D., also show a single episode
>of major depression. The objective findings were consistent
>with a sad and anxious mood ([citation to AR 542]). He [Dr.
>Flores] did not specify any disability.

AR 21. Plaintiff's brief notes correctly that Dr. Flores assessed Plaintiff with a "permanent" impairment, but he also notes correctly that the doctor found the impairment "slight." (The full sentence is somewhat less helpful than Plaintiff's quotation suggests: "current global level of permanent psychiatric disability is: Slight." AR 536.) But the meaning of "slight" is, at best, ambiguous – as to whether a "slight" mood affect disorder would have a "more than minimal" effect on Plaintiff's ability to work, and therefore would be "severe." Such ambiguities are for the Administrative Law Judge to resolve. He did so reasonably here. Substantial evidence supports the non-severe finding, and it did not arise from legal error.

### III.
### PLAINTIFF'S CREDIBILITY

Lastly, Plaintiff challenges the Administrative Law Judge's partial rejection of his pain testimony. Although the judge credited Plaintiff's subjective accounts to an extent, he rejected them in part, to the extent that Plaintiff asserted he was *entirely* disabled by pain – that is, unable to perform even "sedentary" work as assessed by the Administrative Law Judge. The Court agrees that the explanation given for discrediting Plaintiff's testimony was deficient.

Generally, once a claimant has supplied objective medical evidence of a malady that "could reasonably be expected to produce" some degree of pain or other

subjectively-reported symptoms, the Administrative Law Judge may discount the claimant's testimony about the degree of pain, and how that pain affects the claimant's ability to work, only if the judge supplies specific, cogent reasons supported by substantial evidence in the record, *see Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273, 1281, 1284 (9th Cir. 1996), sufficient to permit this Court to conclude that the Administrative Judge's disbelief was not arbitrary. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994). Among other factors, the Administrative Law Judge properly may base credibility findings on a claimant's reputation for truthfulness and any inconsistencies between his subjective account, on the one hand, and, on the other hand, his conduct, routine activities, and reports from physicians and others about the nature and severity of the claimant's symptoms. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the Administrative Law Judge explained as follows:

> To the extent [Plaintiff] described an inability to perform any work, his testimony was not credible. The records show he recovered well following lumbar surgery and at most was restricted to sedentary work. He testified he does light household chores and helps take care of his children. He is able to drive a motor vehicle. . . . He can take care of his personal hygiene. He occasionally goes shopping but his wife lifts the groceries. He attends church three times per week and can sit [for] up to an hour and a half for church services.

AR 21-22. Are these sufficiently "specific, cogent" reasons for partially rejecting Plaintiff's account of entirely disabling pain? The Court concludes that the answer is no. Some evidence supports the observation that Plaintiff "had recovered well following lumbar surgery." *See* AR 625. It is not quite correct, however, that, "at most," *all* of his

doctors restricted him to sedentary activities. (This part of the underlying opinion does not specify any doctors' opinions, although an earlier portion of the opinion does. *See, e.g.*, AR 21, *citing* AR 635-45 (March 2003 "limited to semi-sedentary work" opinion of Richard I. Woods, M.D.).) As the Administrative Law Judge himself noted earlier, one physician, treating physician Dr. Nichols, found several "brief periods of [total] disability following the lumbar fusion ([citation to AR 716-24])." The "brief periods" of temporary total disability noted in Dr. Nichols's cited records, however, were somewhat extensive: for 30 days beginning on February 20, 2004; for 30 days beginning on April 12, 2004; for 45 days beginning on June 9, 2004; and for 45 days beginning on December 8, 2004. AR 724, 723, 722, 720. (Earlier in the opinion, the Administrative Law Judge noted that Dr. Nichols's temporarily-totally-disabled assessments were "rejected as unsupported by the weight of the medical evidence and by Dr. Nichols's own objective findings that showed the lumbar fusion was well-healed and there was no evidence of radiculopathy." AR 21. But this appears to be a medical judgment rather than an administrative one, and the Court thus declines to discount Dr. Nichols's assessment.)

Plaintiff's cited routine activities, moreover, provide only tepid support for questioning his pain testimony. Performing household chores can be a basis for discrediting pain testimony, if the chores are performed at a level which indicates that the physical functions could be transferable to the work place. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). His ability to perform occasional light chores reasonably suggests an ability to perform sedentary tasks (if not necessarily a regular eight-hour workday), but his ability to drive a car and to attend a church service require only that he sit upright, a task managed for many hours a day by badly-injured hospital patients. The ability to drive also does not necessarily mean an ability to work, not without evidence of such things as prolonged driving without frequent stops, which would be probative of an ability to sit for a lengthy period of time. *See Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999). Here, Plaintiff's hearing testimony was that he occasionally drove *seven miles* to church, *see* AR 49; if the record contains evidence of longer periods of driving by Plaintiff, the Court is

unaware of it. While driving may impeach a witness's credibility if the fact of driving somehow indicates that pain is not as severe as described, or that the tolerance for pain is greater than described, the mere fact of driving alone does not constitute a cogent reason for discrediting the Plaintiff's testimony. *See Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir. 1986). Finally, for similar reasons, Plaintiff's ability to attend to his own personal hygiene undermines his pain testimony little, if at all. In sum, although the Court intimates no view as to the proper ultimate resolution of either this claim or the issue of Plaintiff's credibility, the evidence and rationales cited are not sufficient to discredit Plaintiff's subjective account under the applicable Ninth Circuit rules. Remand therefore is required.

## IV.
## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is reversed and remanded for further proceedings consistent with this Opinion.

DATED: October 9, 2007

                                    *Ralph Zarefsky*
                                    RALPH ZAREFSKY
                                    UNITED STATES MAGISTRATE JUDGE